## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TERRY WALTON, | ) | CASE NO. 1:13 CV 00936 |
| | ) | |
| guardian of other | ) | |
| RICHARD CRAWFORD, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant United States of America's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (ECF #10). Plaintiff Terry Walton filed this action on April 25, 2013, alleging medical negligence, breach of contract, and misrepresentation by the United States Department of Veterans Affairs (hereinafter "Department" or "VA").

The case involves the Department's care of one Richard Crawford, and is brought by plaintiff Walton pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680. Defendant United States moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and (6) on the grounds that the FTCA action is time-barred. Alternatively, defendant United States contends that this Court lacks jurisdiction over Count II (Breach of Contract), and that Count III (Misrepresentation) is barred by sovereign immunity[1]. For the reasons that follow, Defendant United States' Motion to Dismiss is GRANTED.

---

[1] The claims in Plaintiff's Complaint were misnumbered in that there was no Count I included. For the sake of clarity, this Order will refer to claim numbers as presented in the Complaint.

## FACTS

Plaintiff Walton sets forth that, on or about January 4, 2007, Richard Crawford (Plaintiff's ward) entered into the care, custody, and control of the VA with the intention of seeking treatment for an ulcer on his foot.  Following what has been characterized as improper acts or omissions on the Department's part, Crawford's foot was surgically amputated.  Walton here alleges that the amputation was in error, that the Department did not provide adequate medical treatment, and that the Department failed to maintain the appropriate standard of care. Walton further alleges that the Department has not turned over any of Crawford's medical records despite timely and repeated requests.  This supposed inaction is said to have been deliberate and designed to conceal material facts about Crawford's care and treatment.

Relevant here, Plaintiff Walton's claims are twofold: (1) that ward Richard Crawford had entered into a contract with the VA at the time of his admission into the Department's care, and that the Department had breached this contract; and (2) that the VA intentionally and knowingly misrepresented the nature of its services prior to Crawford's admission, eventually resulting in the amputation of Crawford's foot.  Defendant United States, meanwhile, asserts that this Complaint should be dismissed on three grounds: (1) the FTCA action is barred by the statute of limitations; (2) the Court lacks jurisdiction over Walton's breach of contract claim; and (3) the doctrine of sovereign immunity bars Walton's misrepresentation claim.

The Court will address both parties' arguments in turn.

## STANDARDS OF REVIEW

**1. Rule 12(b)(1) motion**

Defendant United States here moves to dismiss under Rule 12(b)(1) of the Federal Rules

of Civil Procedure, mounting a factual attack on the Court's subject-matter jurisdiction.  Motions

to dismiss for lack of subject-matter jurisdiction come under one of two broad categories: (1)

facial attacks; and (2) factual attacks.  *See* Fed. R. Civ. P. 12(b)(1); *see also United States v.*

*Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *City of Olmsted Falls v. U.S. Envtl. Prot. Agency*, 266

F. Supp. 2d 718, 721-22 (N.D. Ohio 2003), *aff'd*, 435 F.3d 632 (6th Cir. 2006).  The latter of the

two categories is relevant here.  This Court, in response to defendant United States' factual

attack, need not presume the truthfulness of the allegations in the Complaint, but is free to weigh

the evidence and satisfy itself as to whether or not it has the authority to hear the case.  *See*

*Ritchie*, 15 F.3d at 598; *see generally Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815,

819 (S.D. Ohio 1999*), aff'd on other grounds*, 317 F.3d 646 (6th Cir. 2003).

**2. Rule 12(b)(6) motion**

Defendant United States alternatively moves to dismiss under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  A motion to dismiss for failure to state a claim is a test of the

plaintiff's cause of action as stated in the Complaint, and not a challenge to the plaintiff's factual

allegations.  *See Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).  It tests, in

other words, the legal sufficiency of the Complaint.  Consequently, the court must construe the

Complaint in the light most favorable to the non-moving party, accept all factual allegations as

true, and make reasonable inferences in favor of the non-moving party.  *See Total Benefits*

*Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). Accordingly, factual allegations must be enough to raise a right to relief "above the speculative level." *Twombly,* 550 U.S. at 555. In ruling on a Rule 12(b)(6) motion, therefore, this Court must determine not whether the complaining party will prevail in the matter, but whether it is entitled to offer evidence to support the claims made in its Complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).


## DISCUSSION

### 1. Statute of Limitations

Plaintiff Walton brings suit pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, but the Act itself does not create causes of action. It instead constitutes consent by the United States to suit, and is "limited to cases in which a private individual would be liable under like circumstances." *See Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010). Also implicated are statutory limits on the time period within which any claim must be filed. As 28 U.S.C. § 2401(b) mandates:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate [f]ederal agency within two years after such claim accrues or unless action is

4

> begun within six months after the date of mailing, by certified or registered mail, of notice of
> final denial of the claim by the agency to which it was presented.

In other words, a claim "must be filed with the [relevant] agency within two years of the claim's

accrual, and the claimant must file suit within six months of administrative denial of the claim ...

[i]f either requirement is not met, [the] suit will be time barred." *See Kennedy v. Veterans

Admin.*, 2013 WL 1693965 (6th Cir. 2013).

On this point, the United States Supreme Court's decision in *United States v. Kubrick*,

444 U.S. 111, 120, 100 S. Ct. 352, 62 L.Ed.2d 259 (1979), is instructive.  In that case, Kubrick

asserted a medical malpractice claim against the United States based upon treatment he had

received in a VA hospital.  *Id.* at 114.  He claimed that he had suffered from hearing loss

beginning in 1968.  In January 1969, he learned that the injury may have been caused by an

antibiotic – neomycin – given to him by VA personnel.  In June 1971, he learned that the

neomycin should not have been administered to him at all.  *Id.*  Kubrick argued that his claim

accrued on the latter date, since that was the date on which he first discovered that VA

negligence may have played a role in his injury, but the *Kubrick* Court disagreed.  The Court

reasoned that the 'accrual' of a claim does not "await awareness by the plaintiff that his injury

was negligently inflicted," and thus held that a claim accrues when a plaintiff "armed with the

facts about the harm done to him ... can protect himself by seeking advice in the medical and

legal community."  *Id.* at 123.

Under that reasoning, FTCA's statute of limitations clearly bars plaintiff Walton's action

because she alleges negligence resulting in amputation of her ward's foot.  The record indicates

that the amputation occurred on January 25, 2008, and the VA did not receive her administrative

claim until May 17, 2011.  The statute of limitations bars her claims because more than two years

5

passed between the amputation – when the claim accrued – and the date the administrative claim was filed with the appropriate entity. Additionally, 28 U.S.C. § 2401 outlines several procedural requirements for bringing a tort claim, necessary to "require the reasonably diligent presentation of tort claims against the [g]overnment." *See Kubrick*, 444 U.S. at 123. Those require claimants to first file their claim with the administrative agency within a two-year statute of limitations, as explained above, before bringing their claim into a federal court. The claimant has the option of filing in federal court as early as six months after filing with the administrative agency if a notice of denial has not been delivered to the claimant. Once a denial has been issued, however, a claimant is required to file in federal court within a six-month statute of limitations that starts running as of the date the notice of denial is issued. *Id.* This process was established to preserve judicial resources by streamlining the process for valid claims and moving their starting place from federal courts to the administrative agency likely to have the most information about a particular case. *See McNeil v. United States*, 508 U.S. 106, 112 (1993). As applied to the case at bar, the VA issued its denial of claim letter on April 4, 2012, but the plaintiff did not file her Complaint until April 25, 2013. This was well outside of the permissible time period for filing in federal court, and her claim is barred for that reason. Her claim must therefore be DISMISSED.


**2. Breach of Contract Claim**

Plaintiff Walton claims that the Department, an arm of the United States, was in breach of contract. The doctrine of sovereign immunity precludes suits against the United States without its consent. *See Premo*, 599 F.3d at 544. Indeed, this Court lacks jurisdiction over Walton's claim because the United States, as sovereign, is immune from suit except as it specifically

6

consents to be sued.  Even where there is consent to sue (absent here), the terms of the United

States' consent must be strictly construed.  *See United States v. Testan*, 424 U.S. 392, 399-400

(1976); *see also McMahon v. United States*, 342 U.S. 25, 27 (1951); *United States v. Sherwood*,

312 U.S. 584, 590 (1941).

By design, federal courts are courts of limited jurisdiction.  *See United States v. Bellsouth

Telecomm., Inc.*, 123 F.3d 935 (6th Cir. 1997) (citing *Aldinger v. Howard*, 427 U.S. 1 (1976)).

There is therefore the presumption that a federal court lacks subject-matter jurisdiction until such

jurisdiction is shown to exist.  *See Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895).

The party claiming jurisdiction has the burden of demonstrating that it exists.  *See McNutt v.

Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936).

In her Complaint, plaintiff Walton asserts that the Federal Tort Claims Act (FTCA) is

basis for this Court's jurisdiction.  She is mistaken.  FTCA constitutes only a limited waiver of

sovereign immunity, for a certain class of claims, and does not extend to contract claims.  *See* 28

U.S.C. §§ 2671-2680.  The Court notes that plaintiff Walton has the burden of pleading and

proving that this Court has subject-matter jurisdiction, and finds that she has failed to do so.  The

Court therefore concludes that it lacks the requisite jurisdiction to consider Plaintiff Walton's

breach of contract claim.  Her claim is therefore DISMISSED.


**3.  Misrepresentation Claim**

Plaintiff Walton alleges that the United States and/or VA employees "intentionally and

knowingly misrepresented" its services to induce ward Richard Crawford to admit himself into

7

the Department's care; "misstated, misrepresented and concealed facts"; and engaged in "unfair business practices and fraudulent inducement."

As this Court has noted above, the Federal Tort Claims Act (FTCA) is a *limited* waiver of the United States' sovereign immunity for – as the name suggests – certain tort claims. The Act expressly bars claims arising out of alleged misrepresentation and deceit. 28 U.S.C. § 2680(h). It provides, in relevant part:

> The provisions of this chapter and Section 1346(b) of this title *shall not apply to*:
> * * *
> (h) *Any claim arising out of* assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit*, or interference with contract rights ...

*Id.* (emphasis added).  Congress has clearly elected not to allow the federal courts to consider any claims arising out of, *inter alia*, misrepresentation and deceit.  Consequently, the Court finds that the United States' waiver of immunity under the Act is inapplicable to plaintiff Walton's misrepresentation claim.  Her claim is unavailing and therefore DISMISSED.


### CONCLUSION

In light of the foregoing, Defendant United States' Motion to Dismiss is hereby GRANTED.  IT IS SO ORDERED.


DONALD C. NUGENT
United States District Judge


DATED: January 31, 2014

8